J-S67008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KARIM ALI SHAMDIS-DEEN | : | |
| | : | No. 1353 EDA 2017 |
| Appellant | | |

Appeal from the PCRA Order April 6, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0002717-2006

BEFORE:   GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED OCTOBER 20, 2017**

Appellant Karim Ali Shamdis-Deen appeals *pro se* from the April 6, 2017, order entered in the Court of Common Pleas of Delaware County dismissing his *pro se* petition entitled "*Writ* of *Habeas Corpus*," which the lower court treated as a fifth petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, on the basis it was untimely filed.  After a careful review, we affirm.

The relevant facts and procedural history are as follows:  On November 9, 2007, Appellant was convicted by a jury on the charge of robbery, 18 Pa.C.S.A. § 3701(a)(1)(ii), and on December 10, 2007, he was sentenced to a mandatory term of ten years to twenty years in prison, to be served consecutively to another sentence Appellant was then currently serving. Appellant filed a timely direct appeal, and we affirmed his judgment of

_____
*   Former Justice specially assigned to the Superior Court.

sentence. *See Commonwealth v. Shamdis-Deen*, 270 EDA 2008 (Pa.Super. filed 10/10/08) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which our Supreme Court denied on February 26, 2009. *Commonwealth v. Shamdis-Deen*, 722 MAL 2008 (Pa. 2009) (*per curiam*). Appellant did not file a petition for a *writ* of *certiorari* with the United States Supreme Court.

Appellant filed his first, timely *pro se* PCRA petition on May 4, 2009, and counsel was appointed to assist him. Counsel sought to withdraw under **Turner/Finley**,[1] and following the PCRA court's grant of counsel's petition to withdraw, as well as the denial of Appellant's first PCRA petition, Appellant filed an appeal to this Court. We affirmed, **see *Commonwealth v. Shamdis-Deen***, 2015 EDA 2010 (Pa.Super. filed 5/12/11) (unpublished memorandum), and our Supreme Court subsequently denied Appellant's petition for allowance of appeal.

Appellant filed his second *pro se* PCRA petition on April 20, 2012, which the PCRA court dismissed. Appellant did not seek appellate review of this decision. However, on September 23, 2015, Appellant filed a petition entitled "*Writ* of *Habeas Corpus*," which the lower court properly treated as a third *pro se* PCRA petition. The PCRA court denied this petition, Appellant filed an appeal to this Court, and we affirmed. ***See Commonwealth v. Shamdis-***

_____

[1] ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

***Deen***, 3390 EDA 2015 (Pa.Super. filed 7/6/16) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

Appellant filed his fourth *pro se* PCRA petition on September 9, 2016, which the PCRA court dismissed. Appellant filed an appeal to this Court; however, he subsequently filed a praecipe for discontinuance. Accordingly, we entered a certification of discontinuance on January 20, 2017. ***See Commonwealth v. Shamdis-Deen***, 3451 EDA 2016 (Pa.Super. filed 1/20/17).

On January 20, 2017, Appellant filed a *pro se* petition entitled "*Writ* of *Habeas Corpus*,"[2] which the lower court treated as a fifth PCRA petition. On February 17, 2017, the PCRA court provided Appellant with notice of its intent to dismiss the petition, and Appellant filed a *pro se* reply. Thereafter, by order entered on April 6, 2017, the PCRA court dismissed Appellant's petition, and this timely *pro se* appeal followed. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement, Appellant timely complied, and the PCRA court filed an opinion.

---

[2] Although Appellant's petition was docketed on January 27, 2017, we shall deem it to have been filed on January 20, 2017, when Appellant handed it to prison officials. ***See Commonwealth v. Wilson***, 911 A.2d 942, 944 (Pa.Super. 2006) (recognizing that under the "prisoner mailbox rule" a document is deemed filed when placed in the hands of prison authorities for mailing).

At the outset, contrary to Appellant's argument, we conclude the PCRA court properly treated Appellant's instant petition under the auspices of the PCRA. The PCRA provides: "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus*[.]" 42 Pa.C.S.A. § 9542. Thus, where a petitioner's claim is cognizable under the PCRA, regardless of the title given to the petition, the Court must analyze the petition under the auspices of the PCRA. ***Commonwealth v. Taylor***, 65 A.3d 462, 465-55 (Pa.Super 2013).

In the instant petition, Appellant attempted to seek "reconsideration" of the denial of his first PCRA petition. Specifically, he averred the PCRA court erred in dismissing his first PCRA petition, without an evidentiary hearing, since trial counsel was ineffective in failing to file a post-sentence motion preserving a weight of the evidence claim, and relatedly, PCRA counsel was ineffective in not adequately advancing this claim in an amended PCRA petition. These claims fall under the auspices of the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(ii). Accordingly, the lower court properly treated Appellant's instant petition entitled "*Writ* of *Habeas Corpus*" as a PCRA petition.

With regard to petitions filed under the PCRA, "[o]ur standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error."

***Commonwealth v. Wojtaszek***, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

Preliminarily, we must determine whether Appellant's instant PCRA petition was timely filed. ***See Commonwealth v. Hutchins***, 760 A.2d 50 (Pa.Super. 2000). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i)  the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after

the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Marshall**, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted). Further, a petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

In the case before us, as this Court has previously held:

[O]n October 10, 2008, this Court affirmed [Appellant's] judgment of sentence, and on February 26, 2009, the Pennsylvania Supreme Court denied allowance of appeal....[Thus, Appellant's] judgment of sentence became final on May 27, 2009, when the 90-day period for filing a petition for *writ* of *certiorari* to the United States Supreme Court expired. **See** Pa.C.S.[A.] § 9545(b)(3). **See also** U.S.Sup.Ct.R. 13. Therefore, the time for [Appellant] to file for collateral relief expired on May 27, 2010. **See** 42 Pa.C.S.[A.] § 9545(b)(1)[.]

**Shamdis-Deen**, **supra**, 3390 EDA 2015, at 7 (footnote omitted). As such, Appellant's instant petition, which he filed on January 20, 2017, is facially untimely.

With regard to the timeliness exceptions provided for in 42 Pa.C.S.A. § 9545(b)(1), we agree with the PCRA court that Appellant has not attempted to invoke any of the PCRA's timeliness exceptions; but rather, Appellant mistakenly argues that his current petition is not subject to the time restraints of the PCRA. **See** PCRA Court's Opinion, filed 9/19/17, at 18-19. In any

event, we note that a claim of ineffective assistance of counsel does not qualify as an exception to the statutory timeliness requirement. ***See Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 753 A.2d 780 (2000) (holding that ineffectiveness of counsel claims generally do not constitute exceptions to PCRA time requirements).

For all of the aforementioned reasons, we conclude the PCRA court properly treated Appellant's instant petition under the auspices of the PCRA and the instant petition was untimely filed.  Thus, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2017